THE PEOPLE, PLAINTIFF AND APPELLEE, v. RIVERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 853.—Decided January 26, 1916.

ASSAULT AND BATTERY—AGGRAVATING CIRCUMSTANCES—INFORMATION.—When a charge of aggravated assault and battery is made, some of the aggravating

circumstances enumerated in section 6 of the Act of 1904, defining and punishing aggravated assault and battery, must be specified clearly in the information.

Id.—Aggravating Circumstances—Information.—In this case the appellant was charged with unlawfully and wilfully assaulting and beating the complaining witness with brass knuckles with intent to cause him serious bodily injury, inflicting upon him several wounds and bruises. *Held:* That none of the circumstances which under the law make the offense of assault and battery aggravated is alleged with sufficient clearness in the complaint.

Id.—Deadly Weapon—Brass Knuckles.—Although brass knuckles may be a weapon capable of causing death and its use is prohibited by law, it is not a deadly weapon *per se.*

The facts are stated in the opinion.

*Messrs. Tizol & Campillo* for the appellant.

*Mr. Salvador Mestre, fiscal,* for The People.

Mr. Justice del Toro delivered the opinion of the court.

The information in this case reads as follows:

"The *fiscal* charges Miguel Rivera with the crime of aggravated assault and battery, a misdemeanor, committed in the following manner: On or about August 18, 1914, in the city of San Juan, which forms part of the judicial district of the same name, the said Miguel Rivera unlawfully and wilfully assaulted and beat Eduardo Ferrer with brass knuckles with the intent to cause him serious bodily injury, inflicting upon him several wounds and bruises."

The case went to trial and the District Court of San Juan, Section 2, found the accused guilty of the crime of aggravated assault and battery and sentenced him to imprisonment for eight months in jail. Thereupon the defendant appealed to this court.

The first of the errors assigned by the appellant is that the facts charged in the information do not constitute the crime of aggravated assault and battery. After a careful consideration of the case we are compelled to agree with the appellant. The law is so clear and the jurisprudence of this court so ample on this point that it is difficult to understand how the officials entrusted with the prosecution of crimes in this island can fall into error. When a charge of aggravated assault and battery is made, some of the aggravating

circumstances enumerated in section 6 of the Act of 1904
defining and punishing aggravated assault and battery (Acts
of 1904, p. 48,) must be specified clearly, and this particu-
larization has not been made with sufficient clearness by the
*fiscal* in this case. The seventh circumstance is not recited
in the information, for it does not allege that the wounds in-
flicted by the defendant upon the injured party are of a grave
or serious nature. The said wounds are not even described
in such a manner. as to convey a sense of their seriousness.
Nor is the eighth circumstance applicable, for, although brass
knuckles may be a weapon capable of causing death and
its use is prohibited (Acts of 1905, p. 18), it is not a deadly
weapon *per se*. And, finally, even if by straining the words
used in the information we were to admit, *argumentandi
causa,* that the fact that the defendant committed the crime
by the use of brass knuckles implied a ''premeditated'' inten-
tion on his part to inflict great bodily injury and, therefore,
that the ninth aggravating circumstance attached to the case,
we find, upon analyzing the evidence, that it is not sufficient
to prove the use by him of the brass knuckles. Nobody saw
the brass knuckles in his hand and although the physician
who examined the victim testified that the wound on his lip
and the fracture of one or more of his teeth could have been
caused by the use of brass knuckles, he testified also that
they could have been caused by any other blunt instrument
and even by striking the edge of a table when the assaulted
person fell to the floor. The statement found in the testimony
of witness Pons, who pursued the defendant after the com-
mission of the crime, that he saw him make ''a movement
as though he were throwing something into the sea,'' is not
sufficient.

This being the case, it is not possible to sustain techni-
cally that the assault and battery was aggravated. The com-
mission of an aggravated assault and battery may be inferred
from the record as a whole, but the court cannot take the cir-
cumstances into account. The accused, a citizen, has invoked

his right to be tried strictly in accordance with the law, and his right to be so tried must be unqualifiedly recognized.

Another of the errors assigned by the appellant is that the evidence does not show that he committed the crime under consideration. We have considered the evidence and in our opinion it proves beyond all reasonable doubt that the defendant assaulted and beat the person designated in the information with intent to cause injury to his person.

Therefore, no aggravating circumstances having been proved, but it having been shown that the defendant committed the offense of simple assault and battery, the judgment appealed from should be modified accordingly and the accused sentenced to pay a fine of $50 and, in default of payment, to be imprisoned one day for each dollar not paid.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.